UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IRMA DELEON,<br><br>            Plaintiff(s),<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION,<br><br>            Defendant(s). | 2:13-CV-1746 JCM (VCF) |

**ORDER**

Presently before the court is defendant U.S. Bank National Association's ("U.S. Bank") motion to dismiss. (Doc. # 5). Plaintiff Irma Deleon has filed a response (doc. # 13) and U.S. Bank has filed a reply (doc. # 14).

**I.      Background**

On or about April 11, 2005, plaintiff purchased real property located at 3311 Kaniksu Court, Las Vegas, Nevada 89122 ("the property"). (Doc. # 5 at 2). Ryland Mortgage Company loaned plaintiff $184,700.00 to purchase the property, securing the loan with a deed of trust against the property. (Doc. # 5 at 2; doc. # 5, ex. A). The deed of trust named Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary and David Brown as trustee. (Doc. # 5, ex. A). On March 20, 2013, MERS assigned the deed of trust to U.S. Bank. (Doc. # 5, ex. B). Plaintiff alleges she did not have knowledge of this assignment. (Doc. # 13 at 2). Plaintiff claims that the assignment was executed on behalf of MERS by Mercedes Judilla who purports to be the "assistant secretary" but

**James C. Mahan**
**U.S. District Judge**

1  in reality is a "notorious robo-signer." (Doc. # 13 at 2). Accordingly, plaintiff argues the assignment
2  is not valid. (Doc. # 13 at 3).

3  Plaintiff recorded a *lis pendens* against the property on June 27, 2013. (Doc. # 5, ex. C).
4  Plaintiff also recorded a rogue document entitled "affidavit of fact." (Doc. # 5, ex. D). There are
5  virtually no facts alleged in the complaint and the causes of action are not listed or even identified.
6  The court relies heavily on judicially recognized, authenticated, exhibits.[1]

7  Plaintiff's complaint is a variant of a form document that is nearly identical to complaints
8  recently filed by other plaintiffs. The court has dismissed these other complaints for their failure to
9  state a claim. *See, e.g.*, *Beebe v. Fed. Nat'l Mort. Assoc.*, No. 2:13-cv-311-JCM-GWF; *Burd v. J.P.*
10 *Morgan Chase*, No. 2:13-cv-337-JCM-PAL; *Salinas v. Fed. Nat'l Mort. Assoc.*, No. 2:13-cv-407-
11 JCM-GWF; *Santivanes v. Bank of New York Mellon*, No. 2:13-cv-00299-JCM-GWF.

12 **II.    Legal Standard**

13 A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can
14 be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain
15 statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell*
16 *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual
17 allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements
18 of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

19 "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S.
20 at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to
21 "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

22 In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when
23 considering motions to dismiss. First, the court must accept as true all well-pled factual allegations
24 in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 1950.

---

[1] The court judicially recognizes the deed of trust, the assignment of the deed of trust, and the *lis pendens See Intri-Plex Technology, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment as long as the facts are not subject to reasonable dispute.").

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not
2  suffice. *Id.* at 1949.
3      Second, the court must consider whether the factual allegations in the complaint put forward
4  a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint
5  alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the
6  alleged misconduct. *Id.* at 1949.
7      Where the complaint does not permit the court to infer more than the mere possibility of
8  misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id*.
9  (internal quotations omitted). When the allegations in a complaint have not crossed the line from
10 conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.
11     The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202,
12 1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth,
13 allegations in a complaint or counterclaim may not simply recite the elements of a cause of action,
14 but must contain sufficient allegations of underlying facts to give fair notice and to enable the
15 opposing party to defend itself effectively. Second, the factual allegations that are taken as true must
16 plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to
17 be subjected to the expense of discovery and continued litigation." *Id.*

18 **III.   Discussion**

19     As an initial matter, the court acknowledges that the complaint was filed *pro se*. (*See* doc.
20 # 1, ex. A). Documents filed *pro se* are held to less stringent standards. *Erickson v. Pardus*, 551
21 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint,
22 however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted
23 by lawyers.") (internal quotations and citations omitted). However, "*pro se* litigants in the ordinary
24 civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v.*
25 *Filler*, 790 F.2d 1362, 1364 (9th Cir.1986). The court construes the complaint to
26 be for fraud and misrepresentation. (*See* doc. # 13 at 6).
27 . . .
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

Plaintiff asserts that because "plaintiff's complaint was originally filed in state court. . . the Nevada standard for motions to dismiss should be followed." However, plaintiff does not support this assertion with any legal authority. Despite plaintiff's filing her complaint in state court, the federal standard applies. *See Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996) ("Under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law."). Therefore, Fed. R. Civ. P. 12(b)(6) governs the instant motion.

In order to state a claim for fraud, plaintiff must demonstrate: (1) a false representation by defendant, (2) defendant's knowledge or belief that the representation is false, (3) defendant's intention to induce the plaintiff to act or refrain from acting in reliance upon the representation, (4) plaintiff's justifiable reliance upon the misrepresentation, and (5) damage to plaintiff from said reliance. *Bulbman, Inc. v. Nevada Bell*, 108 Nev. 105, 111 (1992).

Plaintiff has not alleged a single fact to plausibly suggest she satisfies any of the elements of fraud. At most, plaintiff's complaint alleges she justifiably relied on "truthfulness of ownership which was misrepresented by defendant's account of ownership beneficiary through endorsements, assignments, and notice of defaults." (Doc. # 1, ex. A at 3). Plaintiff further alleges "defendant knowingly misrepresented actual ownership of deed of trust in effort to execute collateral." (Doc. # 1, ex. A at 3). This allegation does not identify the time, place, and substance of any alleged misrepresentations, or the identity of the person who made the alleged misrepresentations. *See, e.g.*, *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). Plaintiff did not explain how she justifiably relied upon the alleged misrepresentations, or how such a reliance caused her damage. Accordingly, plaintiff's allegations have not crossed the line from conceivable to plausible. *See Twombly*, 550 U.S. at 570.

Furthermore, Nev. Rev. Stat. 14.015.3, which sets out the criteria for *lis pendens* notices, requires that the plaintiff either establish that she (1) will likely prevail in court, or (2) has a fair chance of success on the merits. Because plaintiff has not stated a claim for which relief can be granted, she fails to satisfy the requirements of Nev. Rev. Stat. 14.015. Accordingly, the court will expunge the *lis pendens* and "affidavit of fact."

**James C. Mahan**
**U.S. District Judge**

## IV. Conclusion

Plaintiff has failed to state a claim for which relief can be granted. U.S. Bank's motion to dismiss is granted with prejudice.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (doc. # 5) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff's notice of *lis pendens* recorded June 27, 2013, in the Office of the Clark County Reporter as Instrument #201306270002479 affecting the real property APN. No. 161-15-615-059, commonly known as 3311 Kaniksu Court, Las Vegas, Nevada 89122, shall be and the same is ordered EXPUNGED, RELEASED, AND OF NO EFFECT WHATSOEVER.

IT IS FURTHER ORDERED that plaintiff's complaint is dismissed with prejudice. The clerk shall enter judgment accordingly and close the case.

DATED March 13, 2014.

_____
UNITED STATES DISTRICT JUDGE